```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
|     Plaintiff,    ) | Criminal Action No. |
| ) |     3:08-cr-31-JMH |
| v.    ) | |
| ) | |
| RAY GARTON, et al.,    ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendants.    ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

This matter is before the Court on Defendant Ray Garton's Motion to Strike [Record No. 89] in which he requests that the Court strike surplusage from the Indictment pursuant to Fed. R. Crim. P. 7(d). The other defendants have responded [Record No. 91, 92, 104, 106, and 107], adopting the motion as their own with regard to the request to strike the "Background" section of the Indictment. The United States has also responded [Record No. 94], stating its objections to the Motion, and Defendant Garton has made a Reply [Record No. 109] in further support of his Motion. Finally, the Court heard arguments with regard to this Motion on May 18, 2009. The Court being adequately advised, this Motion is ripe for decision, and, for the reasons stated below, the Motion to Strike shall be denied.

-1-

**I.   BACKGROUND**

On December 11, 2008, Defendant Ray Garton and his five co-defendants were named in a twenty-six count Indictment.  All six defendants are charged in Count 1, conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349.  Along with the other defendants, Defendant Garton is also charged in Counts 2 through 23 with substantive counts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343, and in Count 26, an asset forfeiture count.  Defendant Michael D. Smith is also charged in Count 24 and Defendant Christopher Cello Smith in Count 25 with the sale of securities by an unregistered broker, in violation of 15 U.S.C. §§ 78o(a)(1) and 78ff.  The fraud charges arise in the factual context of raising working capital for what were allegedly represented as two legitimate Kentucky corporations engaged in the business of drilling oil and gas wells.

In the Indictment, the United States refers to the fact that Defendant Garton was not licensed as a geologist in the Commonwealth of Kentucky, on at least two occasions.  *See* Record No. 1, Indictment, at 3 and 11.  The Indictment also references on at least three occasions that Garton had purported to be but was not actually acting "independently" or as an "independent" geologist in his assessment or review of the local well sites presented to potential investors in the drilling program.  *See id*. at 8-9.  Finally, the Indictment includes a section bearing the

-2-

caption "Background" and describing what the United States holds out to be a typical oil and gas well drilling program. *See id*. at 4-5.

**II. DISCUSSION**

Fed. R. Crim. P. 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." As such, it is meant to inform the defendant of the charges against him so that he can properly prepare to defend himself. *See Russell v. United States*, 369 U.S. 749, 765 (1962); *United States v. Baldinger*, 838 F.2d 176, 181 (6th Cir. 1988).

Defendant Garton argues, however, that the Indictment in this matter contains language that is not "essential to the charges" and goes beyond simply advising Garton and the other defendants of the specific crimes for which they are charged. Specifically, he first argues that references to the fact that he was not licensed as a geologist in the Commonwealth of Kentucky are not relevant to any determination of whether he committed the offenses charged in the indictment and that there is no allegation that he held himself out as licensed in Kentucky to anyone. Next, he argues that any references to whether he was acting as an "independent" geologist are misleading, redundant, and highly prejudicial. Finally, all of the defendants argue that the "Background" section should be

stricken because it does not set forth the background for this particular case. Garton argues that the section merely sets forth what the government believes to be a typical drilling program and implies, incorrectly in his view, that any operation of a drilling program outside of those parameters would be per se illegal. Thus, he asks the Court, in its discretion, to "strike [these] portions of [the] indictment as surplusage," pursuant to Fed. R. Crim. P. 7(d).

Rule 7(d) applies "when an indictment contains nonessential allegations that could prejudicially impress the jurors." *United States v. Kemper*,,503 F.2d 327, 329 (6th Cir. 1974). However, a motion to strike allegations in an indictment as surplusage should be granted only where it is clear that the allegations are not relevant to the criminal charges and where they contain inflammatory and prejudicial matter.[1] *See United States v. Davis*, 714 F. Supp. 853, 866 (S.D. Ohio 1988). "'[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how

---

[1] Further, the Court is mindful that the standard for striking language in an indictment "has been strictly construed against striking surplusage," *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), and "only rarely has surplusage been ordered stricken." *Davis*, 714 F. Supp. at 866 (quoting 1 Wright, *Federal Practice and Procedure* § 127 at 426 (2d ed. 1982)). *See also United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997) ("[t]he scope of a district court's discretion to strike material from an indictment is narrow"); *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (Rule 7(d) standard strictly construed against striking surplusage).

prejudicial it may be (provided, of course, it is legally relevant).'" *United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993), quoting *United States v. Thomas*, 875 F.2d 558, 562 n.2 (6th Cir. 1989). This is because:

> The determinative question in a motion to strike surplusage is not the potential prejudice, but rather the relevance of the allegation to the crime charged in the indictment. If the evidence of the allegation is admissible and relevant to the charge, then despite prejudice, the language will not be stricken.

*United States v. Jiminez*, 824 F. Supp. 351, 370 (S.D.N.Y. 1993), quoting *United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y. 1982) (internal citations omitted).

Having carefully considered the matter, the Court is persuaded that the allegations of which Defendants complain are relevant to the criminal charges against them and that they do not contain unduly inflammatory or prejudicial matter for the reasons which follow.

**A. Allegations that Garton Was Unlicensed and Misrepresenting Himself as a Geologist Working Independently of Target and Kentucky Indiana**

With regard to those references in the Indictment to the fact that Garton was not licensed as a geologist in the Commonwealth of Kentucky, which no one disputes, the United States has indicated that it intends to offer this fact as proof in support of the charges of fraud in the indictment. As the United States explains, it will offer evidence that Defendant Ray Garton worked with

-5-

Defendant Michael D. Smith and his two Kentucky companies, Target Oil and Gas Corporation and Kentucky Indiana Oil and Gas Corporation, even after Garton entered into a consent decree with the Commonwealth of Kentucky in which he agreed to do no further geological work in Kentucky because of "problems" related to his earlier (unlicensed) work in Kentucky with Smith.  In other words, if supported by the evidence at trial, it can be argued that Garton's previous regulatory problems placed him on notice that he was involved in activities that state regulators considered to be in violation of the law.  Contrary to Garton's position, this information would be relevant to the allegations of fraud, i.e., Garton's state of mind and intent, particularly when coupled with the allegation that Garton later placed the name of another geologist (who was licensed to practice in Kentucky) on written materials in order to give the appearance to investors that a Kentucky licensed geologist was reviewing the geological information when, in fact, those materials were not reviewed by the other geologist.  The mail and wire fraud statutes require proof that Defendants made or caused to be made false and fraudulent pretenses and representations.  The United States will be required to establish not only the false pretenses and representations but also their materiality and Garton's knowing participation in creating those false pretenses and representations. The Court will not strike this language as surplusage.

Similarly, the Court will not strike references to Garton's status as an independent geologist. The United States intends to offer evidence that Garton did not exercise independent professional judgment as a geologist in evaluating proposed well sites, and, instead, took his directions from Defendant Michael D. Smith, even though the materials sent to investors would lead them to believe that he was in fact performing such an evaluation. The United States contends that the evidence will show that Garton's appearance as an independent geologist was carefully cultivated in order to mislead investors. This language and allegation is clearly relevant to the wrongs alleged in the Indictment, and the Court will not strike it.

**B. Background Section**

Garton and all of the remaining defendants next argue that the entire section entitled "Background" should be stricken because it does not set forth the background for this particular case, instead setting forth what the government believes to be a typical drilling program. According to Garton, the fact that the drilling programs listed in the Indictment were managed differently than the model identified by the government does not *per se* establish that the Target drilling programs were operated illegally or that Garton engaged in fraudulent activities. Thus, Garton and his co-defendants argue that jurors might be misled by the implication that, unless a drilling program was managed in a manner consistent

with this description, it was managed illegally, and, as such, this language should be stricken. As explained below, the Court disagrees.

Inclusion of a "Background" section in an indictment is a permissible method of explaining the context and circumstances surrounding a charged fraud in order for the charges to be understood.[2] *See Jiminez*, 824 F. Supp. at 370 (declining to strike "Means and Methods" portion of conspiracy charge). *See also United States v. Climatemp, Inc.*, 482 F. Supp. 376, 391-92 (N.D. Ill. 1979) (declining to strike language in antitrust indictment providing background about sheet metal industry in general and in Chicago in particular because language was not prejudicial and was relevant to forming an understanding about the nature of action). Here, the United States take the position that the Background properly provides the context for the crimes charged – mail and wire fraud and securities law violations – in the oil and gas

---

[2] This is hardly the "speaking indictment" of which the defendants complained in *United States v. Lawson*, Criminal Action No. 3:08-21-DCR, 2009 WL 62145 (E.D. Ky. Jan. 8, 2009), a case upon which Defendant Garton relies. In *Lawson*, the district court ordered several pages of quotations from the defendants stricken from the indictment as surplusage on the grounds that the specific quotations were irrelevant to the task of describing the wrongs alleged in the indictment. *Id.* at *2. The court then permitted the United States to amend the indictment to substitute a concise summary of the essential facts regarding conversations by and between the defendants to that public corruption matter. *Id.* at *2-3. The "Background" of which Defendants complain in this matter bears no similarity to the lengthy list of quotations presented in *Lawson*.

industry. Certainly, developing and understanding that context is relevant to the intent and materiality elements of the offenses alleged. In this instance, the Court agrees that the "Background" portion of the Indictment is written so as to provide essential background information to make sense of the crimes charged, nor can the Court find anything about the challenged language which is inflammatory or unfairly prejudicial.

To the extent that Defendants are actually challenging the veracity of the Background section of the Indictment, the truth of the Indictment's allegations are to be tested at trial, not through pretrial motion, *see United States v. Knox*, 396 U.S. 77, 83 (1969), and any unfair prejudice that remains can be eliminated through a simple instruction to the jury that the indictment is not evidence. *See United States v. Marshall*, 985 F.2d 901, 906 (7th Cir. 1993). The United States must present evidence at trial which would support such facts if they wish to submit them to the jury, and Defendant Garton and his co-defendants will have an opportunity at their respective trials to cross-examine the witnesses of the United States if they wish to argue and establish that the "Background" allegations are inaccurate. The Court will not prematurely strike this information at this time.

-9-

**III. CONCLUSION**

For all of the reasons stated above, Defendant Garton's Motion, as joined by the other defendants, shall be denied.

Accordingly, **IT IS ORDERED** that Defendant Ray Garton's Motion to Strike [Record No. 89], in which the other defendants have joined [Record No. 91, 92, 104, 106, and 107], shall be, and the same hereby is, **DENIED**.

This the 21st day of May, 2009.



Signed By:
**Joseph M. Hood**
Senior U.S. District Judge