```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
|     Defendants. | ) | |

            **       **       **       **       **

    This matter is again before the Court upon Defendant Christopher Cello Smith's Motion for Disclosure of *Brady* and *Giglio* Material [DE 489], in which Defendant Michael D. Smith has joined [DE 492]. Pursuant to this Court's Orders of April 7, 2011 [DE 508 and 509], counsel for the United States of America has provided the Court with a copy of the materials that it has in its possession concerning Mark Irwin's ownership or operation of Summit Energy Corporation, documents concerning the activities of that company, and any and all documents which would indicate the time at which the government first learned of these activities and this evidence, as well as any other information, including documentation, concerning the issues raised by the moving defendants.

    The Court has reviewed those materials, as well as a letter dated April 11, 2011, from Assistant United States Attorney David Marye, forwarding those materials to the undersigned. Ultimately, the materials disclosed confirm what the United States represented

-1-

to the Court in its earlier filings with respect to this Motion – that it had no knowledge of a false statement made by Mark Irwin with respect to his Form CJA-23 filed in Frankfort Criminal Matter 08-31-JMH prior to his trial testimony in June 2010 or, indeed, until the Court permitted the United States Probation Office to disclose that form to the United States by an Order dated September 1, 2010.

In keeping with Paralegal Specialist Lynne Woodrum and Assistant United States Attorney Frances Catron's affidavits [DE 494-5 and 494-6], the documentation indicates that an investigation into Mark Irwin's involvement with Summit Energy was commenced on or around August 17, 2010, just after Woodrum's discovery of the Summit Energy accounts. Indeed, the only document that predates the August 16, 2011, discovery reported in Woodrum's affidavit is an account of an August 13, 2010, telephone conversation between a complaining investor and a financial institutions examiner from the Commonwealth of Kentucky, Division of Securities, who apparently received the complaint concerning Summit Energy. The notes of that conversation were forwarded to the United States Attorney's office on August 19, 2010.

As spelled out in the Court's earlier Memorandum Opinion and Order, the prosecution's obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), is limited to those

facts that are in the possession of the prosecution prior to trial. In this instance, the Court concludes that the facts and information related to Mark Irwin's misrepresentations which resulted in the charge and his conviction in Lexington Criminal Action No. 11-39-JMH were not in the possession of the prosecution prior to or even during the course of this trial, which concluded in July 2010. This information and these materials could not have been disclosed to Defendants prior to or during trial and, thus, do not fall within the purview of *Brady* and *Giglio*.

For all of the reasons stated above as well as those set forth in the Court's April 7, 2011, Memorandum Opinion and Order, Defendants Christopher Cello Smith and Michael D. Smith's request for relief will be denied.

Accordingly, **IT IS ORDERED**:

(1) that the Motion of Defendant Christopher Cello Smith for Disclosure of *Brady* and *Giglio* Material [DE 489], in which Defendant Michael D. Smith has joined [DE 492], is **DENIED**;

(2) that the Clerk shall **FILE UNDER SEAL** in the record of this matter the materials received *in camera* from the United States and that said materials may be accessed only upon further order of the Court.

This the 12th day of April, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-3-