```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at FRANKFORT

                                     )
UNITED STATES OF AMERICA             )
                                     )    Criminal Action No.
      Plaintiff,                     )        3:08-cr-31-JMH
                                     )
v.                                   )
                                     )
MICHAEL D. SMITH, et al.,            )    MEMORANDUM OPINION AND ORDER
                                     )
      Defendants.                    )
                                     )

                     **    **    **    **    **
```

This matter is before the Court upon the United States' motion to strike the claims of Petitioners Karen and Gary Campbell. [DE 707]. On April 5, 2011, Karen and Gary Campbell ("Petitioners") filed a verified petition, [DE 500], pursuant to 21 U.S.C. § 853, asserting a third-party interest in property named in the Court's Amended Preliminary Order of Forfeiture of December 1, 2010. [DE 404]. Petitioners have also requested a hearing regarding the disposition of this property. For the following reasons, the United States' motion, [DE 707], will be denied.

**I.   BACKGROUND**

On July 10, 2010, Michael Smith was convicted of the federal crimes of mail fraud and conspiracy to commit mail fraud. [DE 314]. Shaun Smith, Michael Smith's son, pleaded guilty, on June 17, 2010, to various federal fraud charges. [DE 271]. As a result, certain real and personal property belonging to Defendants was ordered to be seized. [*See* DE 350, 404, 480]. The property

potentially subject to forfeiture includes a 2000 Yamaha jet ski, a houseboat named JUS PERFECT, and a 2000 pontoon boat, (collectively, the "watercraft"), as well as 84.95 acres of real property located in New Brunswick, Canada. [DE 404]. Petitioners contend that they own this property and that, pursuant to 21 U.S.C. § 853(n), the Court's Forfeiture Order should be amended accordingly.

In their verified petition, Petitioners report that they entered into an agreement to purchase the watercraft on December 31, 2009. While Michael Smith was not the title owner of the watercraft, he represented to Petitioners that he had authority to sell the three items for a total of $30,000.[1] On that same day, the Petitioners purportedly paid Michael Smith $10,000 and retained possession of the watercraft. Petitioners report that the remaining balance was paid to Michael Smith in two separate payments. Petitioners go on to state that, on March 2, 2010, Karen Campbell purchased the 84.95 acres of Canadian real property from Shaun Smith for $20,000 U.S. dollars. It is undisputed that Michael Smith approached Karen Campbell's brother, Jerry Gray, Smith's friend and business associate of five years, concerning his

---

[1] The parties do not dispute that title to the jet ski was, and presumably still is, in the name of Shena Smith – Michael Smith's daughter. Title to the pontoon boat is in the name of Kelly Cornett – Michael Smith's father-in-law. The status of the houseboat title is unclear. Additionally, the United States does not appear to argue that Michael Smith lacked the authority to sell these items on behalf of the title owners.

(or his son's) desire to sell the real property.  After having been advised by Mr. Gray that the property was for sale, Petitioners decided to purchase the property.  Although Shaun Smith was the record owner of the land, Michael Smith facilitated the sale and Petitioners paid him a deposit of $2,000.  Petitioners state that they subsequently paid the remaining balance to Shaun Smith in two separate payments.  Sometime in March 2010, Shaun Smith transferred title to the real property to the Petitioners.

While the Petitioners largely concede that they acquired the property subsequent to Defendants' commission of the acts giving rise to forfeiture, *see* 21 U.S.C. § 853(n)(6)(A), they contend that they are bona fide purchasers who did not have cause to believe that the property was subject to forfeiture.  As a result, they argue, they should retain the property in question. *See* 21 U.S.C. § 853(n)(6)(B).

## II.  APPLICABLE CRIMINAL FORFEITURE PROVISIONS

Under federal law, defendants who violate the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, must forfeit to the United States "any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."  18 U.S.C. § 982(a)(2).  The forfeiture of property under 18 U.S.C. § 982 is governed by the provisions of section 413 (except subsection (d)) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. § 853).  The government's

interest in such property vests at the time of the commission of the act which gives rise to the forfeiture. 21 U.S.C. § 853(c).

Third parties may assert claims to property subject to forfeiture through ancillary proceedings. *See* 21 U.S.C. § 853(n). In order to successfully challenge an order of forfeiture, a petitioner must establish, by a preponderance of the evidence, that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6).

Federal Rule of Criminal Procedure 32.2 governs the ancillary proceedings to be used in third-party petitions in criminal forfeiture proceedings. "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of this motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss a third-party petition prior to a hearing is treated like a motion to dismiss a civil complaint. *U.S. v. Salti,* 579 F.3d

4

656, 667 (6th Cir. 2009)(citing *Pacheco v. Serendesky,* 393 F.3d 348, 352 (2d Cir. 2004)). Accordingly, in order to survive the United States' motion, Petitioners' verified petition must contain sufficient factual matter that, if accepted as true, states a claim to relief that is facially plausible.[2] *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## III. DISCUSSION

### A. STANDING

To maintain a third-party claim in a criminal forfeiture proceeding, a claimant must establish the he or she has standing to do so. *See Salti,* 579 F.3d at 667. Article III standing exists when a claimant has a "facially colorable interest" in seized property. *U.S. v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 497-98 (6th Cir. 1998). Such an interest may be demonstrated in a number of ways, including "actual possession, control, title and financial stake." *U.S. v. $64,800.00 U.S. Currency,* 21 F. App'x 439, 440 (6th Cir. 2001)(unpublished opinion)(citing *U.S. v. One 1945 Douglas C-54 (DC-4) Aircraft,* 647 F.2d 864, 866 (8th Cir. 1981)). The United States argues that the Petitioners do not have standing to assert a claim to the watercraft because none of the three items is titled in either of Petitioners' names. While title

---

[2] Although the United States has styled its motion as a "motion to strike," [DE 707], it asks the Court, in its supporting memoranda, to dismiss Petitioners' claims. Accordingly, the Court construes this as a motion to dismiss, pursuant to Federal Rule of Criminal Procedure 32.2.

5

in Petitioners' names would, indeed, provide evidence of an ownership interest, Petitioners' lack of title is not dispositive. For the following reasons, the Petitioners have standing to assert their claims to the watercraft.

Generally, the law of the jurisdiction that created the property right will determine a claimant's legal interest. *See Salti,* 579 F.3d at 668 (citing *United States v. Speed Joyeros, S.A.,* 410 F. Supp. 2d 121, 125 (E.D.N.Y. 2006)). In this case, the state law under which Petitioners' purported property interest arises is unclear. The United States suggests that Kentucky law applies, noting that, under Kentucky Revised Statute § 235.130, a purchaser of watercraft is obligated to have title transferred into his or her name. [*See* DE 725 at p. 3]. The United States further points out that there are similar requirements under Tennessee law. *See id.* at p. 4 (citing Tenn. Code § 69-0-207). Because of Petitioners' noncompliance with these laws, the government urges, Petitioners have no rights to the watercraft under the laws of either state and, thus, no standing to assert their claims here. *See id.*

While obtaining title to watercraft is a procedural requirement for transferring ownership under the laws of both Kentucky and Tennessee, it cannot be said that Petitioners lack a colorable interest as a result of this failure. As stated previously, a colorable ownership interest can be demonstrated in

a number of ways – of which possessing title is only one. Petitioners entered into an agreement to purchase the watercraft and, according to their petition, gave valuable consideration for it. Even if state law would prohibit Petitioners from operating the boats or jet ski on the states' waters, Petitioners could still exercise dominion and control over the watercraft in other ways.

"Colorable" is primarily understood to mean "seemingly valid and genuine." *Kovacs v. Chesley,* 406 F.3d 393, 396 (6th Cir. 2005)(citing WEBSTER'S THIRD NEW INT'L DICTIONARY 449 (Merriam-Webster, Inc., 2002).  In determining whether third-party claimants have Article III standing, "a petition's factual allegations are to be taken as true and are to be construed in favor of the petitioner." *Salti,* 579 F.3d at 667 (citing *Sutton v. St. Jude Med. S.C., Inc.,* 419 F.3d 568, 570 (6th Cir. 2005)).  Taken as true, the allegations in the Petitioners' verified petition suggest that Petitioners have, at least, a colorable interest in the watercraft.  This low threshold having been met, Petitioners have Article III standing to assert their claims under 21 U.S.C. § 853(n).

> **B.  Because Petitioners' purported rights to the property did not vest prior to Defendants' acts leading to forfeiture, Petitioners cannot prevail under 21 U.S.C. § 853(n)(6)(A).**

21 U.S.C. § 853(n)(6)(A) provides relief for claimants who prove that their legal interest vested prior to the commission of the criminal acts giving rise to the forfeiture.  Petitioners largely concede that their interest in the property did not vest

prior to the defendants' criminal acts. According to the Petitioners, they acquired the subject property in early 2010. Both Michael and Shaun Smith were indicted in 2008. Accordingly, Petitioners are unable to establish their right to the property under 21 U.S.C. § 853(n)(6)(A).

> **C. Because the verified petition states a claim that is facially plausible, Petitioners are entitled to a hearing to determine the validity of their claims.**

21 U.S.C. § 853(n)(6)(B) provides that a claimant shall have priority with respect to otherwise seized property if she establishes, by a preponderance of the evidence, that she is a bona fide purchaser of the property and was reasonably without cause to believe that the property was subject to forfeiture. A bona fide purchaser is one who gives something of value in exchange for property and has no notice of any fraudulent intent on the part of the seller. *Chrisman v. Greer,* 39 S.W.2d 678, 679 (Ky. 1931). For Petitioners to establish that they are bona fide purchasers under the meaning of § 853(n)(6)(B), three elements must be satisfied: "(1) the claimant has a legal interest in the forfeited property, (2) the interest was acquired as a bona fide purchaser for value, and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture." *U.S. v. Carter,* Criminal Action No. 09-4-DLB, 2010 WL 3721046, at *2 (E.D. Ky. Sept. 15, 2010)(slip opinion)(citing *U.S. v. Timley,* 507 F.3d 1125 (8th Cir. 2007)). In their verified

8

petition, Petitioners claim to have satisfied each of these three elements. Notably, they claim to have had no knowledge of the criminal acts of Defendants or the criminal proceedings that were ongoing at the time of Petitioners' purchases. Further, they claim that, under the circumstances, their lack of knowledge regarding Defendants' situation was reasonable. Because this matter involves questions of fact and credibility, the Court will conduct a hearing to determine Petitioners' interest – if any – in the subject property. The hearing will be limited to the issue of whether Petitioners can demonstrate, by a preponderance of the evidence, that they satisfy the requirements of 21 U.S.C. § 853(n)(6)(B).

Accordingly, **IT IS ORDERED**:

1) that the United States' motion to dismiss, [DE 707], is **DENIED;** and

2) that this matter is set for a hearing to adjudicate the validity of Petitioners' interest in said property, as asserted in their verified petition, on **Tuesday, May 15, 2012**, **at 9:00 a.m., in Lexington, Kentucky.**

This the 30th day of March, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge